1 | Dan Bacal, Esq.
**Law Offices of Dan Bacal**
2 | Bar # 91486
275 East Douglas Avenue - Suite 114
3 | El Cajon, California 92020
(619) 588-2064 - FAX 838-3133
4 |
Attorney for Plaintiff
5 |

FILED

07 OCT 16 PM 2: 02

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _CP_ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BERNICE RAULLERSON,

           Plaintiff,

  vs.

CITY OF EL CAJON,  GREG JOHNSON,
JOHN BENNETT and DOES I Through XX,
Inclusive,

          Defendants.

CASE NO. 07 CV 2001 W (AJB)
**COMPLAINT FOR DAMAGES**

1. Negligence
2. Assault and Battery
3. False Arrest
4. Civil Rights Action

***JURY TRIAL DEMANDED***

Plaintiff alleges:

**GENERAL ALLEGATIONS**

1.     Plaintiff, BERNICE RAULLERSON, is and was at all material times mentioned herein a resident of the CITY OF SAN DIEGO, State of California.

2.     At all times mentioned herein, Defendants GREG JOHNSON, JOHN BENNETT and DOES I through XX were employees of Defendants CITY OF EL CAJON and in doing the acts hereinafter described acted within the course and scope of their employment.  The acts of all Defendants, and each of them, were also done under color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California.  Defendants GREG

-1-

JOHNSON, JOHN BENNETT and DOES I through XX, are sued individually and in their capacities as police officers for the CITY OF EL CAJON.

3.      Defendant, CITY OF EL CAJON, is a political sub-division of the State of California, and is the employer of Defendants GREG JOHNSON, JOHN BENNETT and DOES I through XX.  The individual Defendants and each of them performed all herein alleged acts for, and in the name of, Defendant CITY OF EL CAJON.

4.      The true names or capacities whether individual, corporate, associate or otherwise, of Defendants named herein as DOES I through XX are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will amend this complaint to show said Defendants' true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged were proximately caused by said Defendants.

5.      Prior to the filing of this Complaint, Plaintiff filed a claim against Defendant CITY OF EL CAJON for the injuries alleged herein.  Within the past six months, Defendant has denied the claim.

6.      Jurisdiction is invoked pursuant to 28 U.S.C. §§1331(a)(3), and 42 U.S.C. §1983. Venue is invoked under 28 U.S.C. §1391.

7.      Supplemental jurisdiction over Plaintiff's state law claims is invoked pursuant to 28 U.S.C. §1367.

**FIRST CAUSE OF ACTION**
[Negligence]

-2-

COMPLAINT FOR DAMAGES

8.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs One through Seven of the General Allegations of this Complaint as though fully set forth herein.

9.     On or about October 25, 2006, El Cajon police officers, including Defendants GREG JOHNSON,  JOHN BENNETT and DOES I through XX, contacted Plaintiff at 5316 Meade Avenue, Apt. 29 in San Diego.  Plaintiff is informed and believes and thereupon alleges that said officers, and each of them, were acting pursuant to their authority as officers of the El Cajon Police Department.

10.     At said time and place, Defendants GREG JOHNSON, JOHN BENNETT and DOES I through XV and each of them, unnecessarily, unlawfully, negligently and carelessly used excessive force upon Plaintiff causing serious and permanent injuries to Plaintiff while purportedly attempting to execute a search warrant at her address which was intended to be served on the apartment next door.  Plaintiff is informed and believes and thereupon alleges that said officers, and each of them, were acting pursuant to their authority as officers of the El Cajon Police Department.

11.     By reason of the acts alleged above, Defendants, and each of them, were negligent and breached their duty of due care owed to Plaintiff.

12.     As a direct and proximate result of the negligent and excessive actions of Defendants, and each of them, Plaintiff was hurt and injured in her health, strength and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of said injuries which has caused and has continued to cause great mental, physical and nervous pain and suffering.  Plaintiff is informed and believes that upon such information and belief alleges that said injuries will result in permanent disability to Plaintiff all to her damage in a sum within the

-3-

jurisdiction of this Court in an amount to be proved at the time of trial.

13.    As a further direct and proximate result of the negligence and excessive acts of Defendants, and each of them, Plaintiff has been required to employ physicians and surgeons to examine, treat and care for her and to incur medical and incidental expenses. Plaintiff is informed and believes, and thereon alleges, that she will continue to require physicians and surgeons to treat, examine and care for her and she will incur future associated medical and incidental expenses. The exact amount of said medical and incidental expenses is unknown at this time and Plaintiff will seek leave to amend this Complaint to state the same when fully ascertained, or as according to proof at trial.

## SECOND CAUSE OF ACTION
[Assault and Battery]

14.    Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs One through Seven of the General Allegations and Paragraphs Eight through Thirteen of the First Cause of Action as though fully set forth herein.

15.    On October 25, 2006, Defendants GREG  JOHNSON, JOHN BENNETT and DOES I through XX, and each of them, acting pursuant to their authority as police officers for Defendant City of El Cajon, did unlawfully and maliciously assault and batter Plaintiff.  Said actions caused serious and permanent injuries to said Plaintiff as herein alleged.

16.    By reason of the assault and battery alleged above, Plaintiff suffered the damages alleged in Paragraphs Twelve and Thirteen, above.

18.    The conduct of Defendants GREG  JOHNSON, JOHN BENNETT and DOES I through XX, and each of them, was taken with fraud, malice and oppression, as those terms are

-4-

defined in California Civil Code §§ 3294 (c)(1), (2), and (3).  Accordingly, Plaintiff is entitled to an award of exemplary damages against these Defendants only in an amount according to proof at trial.

### THIRD CAUSE OF ACTION
[False Arrest - Unlawful Seizure]

19.    Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs One through Seven of the General Allegations, paragraphs Eight through Thirteen of the First Cause of Action, and paragraphs Fourteen through Eighteen of the Second Cause of Action as though fully set forth herein.

20.    In committing the acts alleged above, Defendants, and each of them, falsely arrested and imprisoned Plaintiff in that Plaintiff was arrested without a warrant and without reasonable or probable cause.

21.    The acts alleged above also constituted an unlawful seizure in violation of the Fourth Amendment to the United States Constitution entitling Plaintiff to damages pursuant to Title 42 U.S.C. § 1983 *et seq*.

22.    By reason of the false arrest and the unlawful seizure alleged above, Plaintiff suffered the damages alleged in Paragraphs Twelve and Thirteen, above.

23.    In doing the acts alleged herein, Defendants GREG JOHNSON, JOHN BENNETT and DOES I through XX, acted maliciously and with a wanton disregard for the rights and feelings of Plaintiff, and by reason thereof Plaintiff demands exemplary and punitive damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
[Civil Rights Action]

24.    Plaintiff realleges and incorporates by reference each and every allegation

-5-

contained in paragraphs One through Seven of the General Allegations, paragraphs Eight through Thirteen of the First Cause of Action, paragraphs Fourteen through Eighteen of the Second Cause of Action, and paragraphs Twenty through Twenty Four of the Third Cause of Action and paragraphs Twenty Five through Twenty Nine of the Fourth Cause of Action, and paragraphs Thirty through Thirty One of the Fifth Cause of Action, and paragraphs Nineteen through Twenty Three of the Third Cause of Action as though fully set forth herein.

25.    Each person enjoys a right to be left alone, and a right not to be deprived of life, liberty, or property without due process of law, or denied equal protection of the laws.  Said right not to be deprived of life, liberty or property without due process of law is expressly included in the California Constitution Article 1, § 7, and is included by implication, within the penumbras of the Bill of Rights in the U.S. Constitution.

26.    42 USC § 1983, provides in pertinent part as follows:

> Every person who, under color or any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

27.    Defendants, CITY OF EL CAJON, GREG JOHNSON, JOHN BENNETT and DOES I though XX, and each of them, acting under color or law, caused Plaintiff to be subjected to the deprivation of her rights of due process, as guaranteed them by the U.S. Constitution.

28.    Defendant CITY OF EL CAJON is a person subject to liability under 42 USC Section 1983.  There is a history of widespread abuse of citizens' rights within Defendant CITY OF EL CAJON.

29.    Defendant CITY OF EL CAJON has a practice and custom of negligently

-6-

COMPLAINT FOR DAMAGES

training, retaining, disciplining, and supervising its employees, officers and other law enforcement personnel with respect to observing and protecting citizens' rights. Defendant CITY OF EL CAJON has had notice of same. Defendant CITY OF EL CAJON has been grossly negligent in rectifying the situation and has acted with conscious indifference to the rights of citizens, such as Plaintiff. The injuries to Plaintiff, as alleged herein, would not have occurred but for Defendant's malfeasance in its regulation, custom, practices and procedures concerning the operation of its police department.

30.    As a direct and proximate result of the above, Plaintiff has been deprived of her rights of due process and has suffered severe emotional distress, in addition to serious physical injuries. The full nature and extent of said damages has not as yet been ascertained. However, Plaintiff is informed and believes and based thereupon alleges, that said damages is within the jurisdictional limitations of this Court. Plaintiff will seek leave to amend this Complaint when the full nature and extent of said damages is fully ascertained.

31.    The conduct of Defendants, and each of them, was taken with fraud, malice and oppression, as those terms are defined in California Civil Code §§ 3294 (c) (1), (2), and (3). Accordingly, Plaintiff is entitled to an award of exemplary damages in an amount according to proof at trial.

WHEREFORE, Plaintiffs prays for judgment against Defendants and each of them as follows:

For the FIRST CAUSE OF ACTION against Defendants, and each of them:

1.    For general damages according to proof;

2.    Special damages, according to proof;

3.    Prejudgment interest;

4.    For costs of suit herein;

-7-

COMPLAINT FOR DAMAGES

5. For such other and further relief as the Court may deem just proper.

For the SECOND CAUSE OF ACTION against Defendants, and each of them:

1. For general damages according to proof;

2. Special damages, according to proof;

3. Punitive damages, according to proof, as to the individual Defendants only;

4. Prejudgment interest;

5. For costs of suit herein;

6. For such other and further relief as the Court may deem just proper.

For the THIRD CAUSE OF ACTION against Defendants, and each of them:

1. For general damages according to proof;

2. Special damages, according to proof;

3. Punitive damages, according to proof, as to the individual Defendants only;

4. Prejudgment interest;

5. For costs of suit herein;

6. Reasonable attorney's fees; and

7. For such other and further relief as the Court may deem just and proper.

For the FOURTH CAUSE OF ACTION against Defendants, and each of them:

1. For general damages according to proof;

2. Special damages, according to proof;

3. Punitive damages, according to proof;

4. Prejudgment interest;

5. For costs of suit herein;

6. Reasonable attorney's fees; and,

7. For such other and further relief as the Court may deem just proper.

//

//

-8-

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated:  October 15, 2007

Respectfully Submitted,

DAN BACAL
Attorney for Plaintiff

-9-

# UNITED STATES
# DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

## # 143580    − SR
## * * C O P Y * *
## October 16, 2007
## 13:57:54

## Civ Fil Non−Pris

USAO #.: 07CV2001 CIV. FIL.
Judge..: THOMAS J WHELAN
Amount.:                    $350.00 CK
Check#.: BC#2619

## Total−>  $350.00

FROM: RAULERSON V. CITY OF EL CAJON
      DOES 1 − XX
      CIVIL FILING

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**

BERNICE RAULLERSON

**DEFENDANTS** OCT 16 PM 3:05

CITY OF EL CAJON, GREG JOHNSON, JOHN BENNETT and DOES I Through XX Inclusive,

**(b)**  County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

07CV 2001    W (AJB)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Law Offices of Dan Bacal, 275 East Douglas Avenue, Suite 114, El Cajon, CA 92020 (619) 588-2064

Attorneys (If Known)

**II.  BASIS OF JURISDICTION**     (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V.  ORIGIN** (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI.  CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC § 1983

Brief description of cause:
Civil rights and negligence

**VII.  REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII.  RELATED CASE(S) IF ANY**     (See instructions):

JUDGE

DOCKET NUMBER

DATE  10/15/07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 143580     AMOUNT 8350,—     APPLYING IFP     JUDGE     MAG. JUDGE

pu 10/14/07