1  Steven E. Boehmer (#144817)
   Carrie L. Mitchell (#221845)
2  McDOUGAL, LOVE, ECKIS,
   SMITH, BOEHMER & FOLEY
3  460 North Magnolia Avenue
   El Cajon, California 92020
4  (619) 440-4444 Fax (619) 440-4907

5  Attorneys for Defendants: CITY OF EL CAJON, GREG JOHNSON and JOHN BENNETT

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNICE RAULLERSON, | Case No. 07 CV 2001 W (AJB) |
| Plaintiff, | NOTICE OF MOTION AND MOTION FOR 1) A MORE DEFINITE STATEMENT 2) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND 3) MOTION TO STRIKE IRRELEVANT, IMPROPER AND IMMATERIAL PORTIONS OF THE COMPLAINT |
| v. | |
| CITY OF EL CAJON, GREG JOHNSON, JOHN BENNETT and DOES I through XX, inclusive, | |
| Defendants. | |
| | Date: January 14, 2008 |
| | Time: 10:30 a.m. |
| | NO ORAL ARGUMENT PURSUANT TO LOCAL RULE: 7.1D1 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

NOTICE IS HEREBY GIVEN that on January 14, 2008 at 10:30 a.m. or as soon thereafter as the matter may be heard in the above-entitled court, located at 940 Front Street, San Diego, California, Defendants: CITY OF EL CAJON, GREG JOHNSON and JOHN BENNETT will move this Court for an order for more definite statement, to dismiss the complaint and to strike irrelevant, improper and immaterial portions of the complaint.

---

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE IRRELEVANT, IMPROPER AND IMMATERIAL PORTIONS OF THE COMPLAINT

1     This motion will be based upon this notice, the memorandum of points and authorities, the pleadings and documents filed herein, and upon such oral and documentary evidence as the court may receive at the hearing on this motion.

DATED: November 19, 2007

McDOUGAL, LOVE, ECKIS,
SMITH, BOEHMER & FOLEY

By: _____
Steven E. Boehmer
Carrie L. Mitchell
Attorneys for Defendants: CITY OF EL CAJON,
GREG JOHNSON and JOHN BENNETT

2

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE
IRRELEVANT, IMPROPER AND IMMATERIAL PORTIONS OF THE COMPLAINT

Steven E. Boehmer (#144817)
Carrie L. Mitchell (#221845)
McDOUGAL, LOVE, ECKIS,
SMITH, BOEHMER & FOLEY
460 North Magnolia Avenue
El Cajon, California 92020
(619) 440-4444 Fax (619) 440-4907

Attorneys for Defendants: CITY OF EL CAJON, GREG JOHNSON and JOHN BENNETT

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNICE RAULLERSON, | Case No. 07 CV 2001 W (AJB) |
| Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' 1) MOTION FOR A MORE DEFINITE STATEMENT 2) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND 3) MOTION TO STRIKE IRRELEVANT, IMPROPER AND IMMATERIAL PORTIONS OF THE COMPLAINT |
| v. | |
| CITY OF EL CAJON, GREG JOHNSON, JOHN BENNETT and DOES I through XX, inclusive, | |
| Defendants. | |

Date: January 14, 2008
Time: 10:30 a.m.

NO ORAL ARGUMENT PURSUANT TO
LOCAL RULE: 7.1D1

Defendants, CITY OF EL CAJON, GREG JOHNSON and JOHN BENNETT, respectfully submit the following points and authorities in support of their motion for more definite statement, motion dismiss the complaint and motion to strike irrelevant, improper and immaterial portions of the complaint:

## I.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on or about October 25, 2006, El Cajon police officers, GREG JOHNSON and JOHN BENNETT contacted plaintiff at 5316 Meade Avenue, Apt. 29 in San Diego. (Complt. at 3:4-6.) Plaintiff alleges that GREG JOHNSON and JOHN BENNETT

unnecessarily, unlawfully, negligently and carelessly used excessive force upon plaintiff causing serious and permanent injuries to plaintiff while purportedly attempting to execute a search warrant at her address which was intended to be served on the apartment next door. (Complt. at 3:9-13.)

In the first cause of action, plaintiff alleges that all defendants were negligent and breached their duty of due care owed to plaintiff. (Complt. at 3:16-17.) In the second cause of action, plaintiff alleges JOHNSON and BENNETT assaulted and battered plaintiff. (Complt. at 4:19-22.). In the third cause of action, plaintiff alleges defendants falsely arrested and imprisoned plaintiff in that plaintiff was arrested without a warrant and without reasonable or probable cause which constituted an unlawful seizure in violation of the Fourth Amendment to the United States Constitution entitling plaintiff to damages pursuant to Title 42 U.S.C. § 1983 et seq. (Complt. at 5:10-15.)

Plaintiff alleges that the conduct of defendants, and each of them, was taken with fraud, malice and oppression and plaintiff is entitled to an award of exemplary damages. (Complt. at 7:14-16.) Plaintiff prays for punitive damages against each defendant according to proof. (Complaint at 8:3-22.)

## II.

## AUTHORITY

**A. PLAINTIFF'S ENTIRE COMPLAINT SHOULD BE DISMISSED, OR PLAINTIFF SHOULD BE REQUIRED TO PREPARE A MORE DEFINITE STATEMENT, AS PLAINTIFF'S PLEADING IS VAGUE AND AMBIGUOUS**

Rule 12(e) of the Federal Rules of Civil Procedure permits a party to "move for a more definite statement" if an answer to the pleading is precluded by vagueness or ambiguity. (Fed. R.Civ. Proc. 12(e).)

At a minimum, the foregoing requires identifying which defendants are allegedly responsible under different legal theories arising from different actions. Plaintiff fails to set forth which causes of action are being brought against which defendant. As such, plaintiff should be required to set forth what legal theories are being brought against each defendant.