1  Steven E. Boehmer (#144817)
   Carrie L. Mitchell (#221845)
2  McDOUGAL, LOVE, ECKIS,
   SMITH, BOEHMER & FOLEY
3  460 North Magnolia Avenue
   El Cajon, California  92020
4  (619) 440-4444/Fax (619) 440-4907

5  Attorneys for Defendants:  CITY OF EL CAJON, GREG JOHNSON and JOHN BENNETT

6

7

8                   **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  BERNICE RAULLERSON,                )    Case No. 07 CV 2001 W (AJB)
                                       )
12              Plaintiff,             )    **MEMORANDUM OF POINTS AND**
                                       )    **AUTHORITIES IN SUPPORT OF**
13  v.                                 )    **DEFENDANTS' 1) MOTION FOR A**
                                       )    **MORE DEFINITE STATEMENT 2)**
14  CITY OF EL CAJON, GREG JOHNSON,    )    **MOTION TO DISMISS FOR FAILURE**
    JOHN BENNETT and DOES I through    )    **TO STATE A CLAIM AND 3) MOTION**
15  XX, inclusive,                     )    **TO STRIKE IRRELEVANT,**
                Defendants.            )    **IMPROPER AND IMMATERIAL**
16  _____   )    **PORTIONS OF THE COMPLAINT**

17                                          Date:   January 14, 2008
                                            Time:   10:30 a.m.
18
                                            NO ORAL ARGUMENT PURSUANT TO
19                                          LOCAL RULE: 7.1D1

20          Defendants, CITY OF EL CAJON, GREG JOHNSON and JOHN BENNETT,

21  respectfully submit the following points and authorities in support of their motion for more

22  definite statement, motion dismiss the complaint and motion to strike irrelevant, improper and

23  immaterial portions of the complaint:

24                                     **I.**

25                        **PLAINTIFF'S ALLEGATIONS**

26          Plaintiff alleges that on or about October 25, 2006, El Cajon police officers, GREG

27  JOHNSON and JOHN BENNETT contacted plaintiff at 5316 Meade Avenue, Apt. 29 in San

28  Diego.  (Complt. at 3:4-6.)  Plaintiff alleges that GREG JOHNSON and JOHN BENNETT

                                       1

1  unnecessarily, unlawfully, negligently and carelessly used excessive force upon plaintiff causing

2  serious and permanent injuries to plaintiff while purportedly attempting to execute a search

3  warrant at her address which was intended to be served on the apartment next door. (Complt. at

4  3:9-13.)

5      In the first cause of action, plaintiff alleges that all defendants were negligent and

6  breached their duty of due care owed to plaintiff. (Complt. at 3:16-17.) In the second cause of

7  action, plaintiff alleges JOHNSON and BENNETT assaulted and battered plaintiff. (Complt. at

8  4:19-22.). In the third cause of action, plaintiff alleges defendants falsely arrested and

9  imprisoned plaintiff in that plaintiff was arrested without a warrant and without reasonable or

10  probable cause which constituted an unlawful seizure in violation of the Fourth Amendment to

11  the United States Constitution entitling plaintiff to damages pursuant to Title 42 U.S.C. § 1983 et

12  seq. (Complt. at 5:10-15.)

13      Plaintiff alleges that the conduct of defendants, and each of them, was taken with fraud,

14  malice and oppression and plaintiff is entitled to an award of exemplary damages. (Complt. at

15  7:14-16.) Plaintiff prays for punitive damages against each defendant according to proof.

16  (Complaint at 8:3-22.)

17                                    **II.**

18                               **AUTHORITY**

19  **A.  PLAINTIFF'S ENTIRE COMPLAINT SHOULD BE DISMISSED, OR
       PLAINTIFF SHOULD BE REQUIRED TO PREPARE A MORE DEFINITE**

20  **STATEMENT, AS PLAINTIFF'S PLEADING IS VAGUE AND AMBIGUOUS**

21

22      Rule 12(e) of the Federal Rules of Civil Procedure permits a party to "move for a more

23  definite statement" if an answer to the pleading is precluded by vagueness or ambiguity. (Fed.

24  R.Civ. Proc. 12(e).)

25      At a minimum, the foregoing requires identifying which defendants are allegedly

26  responsible under different legal theories arising from different actions. Plaintiff fails to set forth

27  which causes of action are being brought against which defendant. As such, plaintiff should be

28  required to set forth what legal theories are being brought against each defendant.

1
2
3

**B.    PLAINTIFF'S THE FIRST, SECOND AND THIRD CAUSES OF ACTION SHOULD BE DISMISSED PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6) BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

4      A complaint may be dismissed pursuant to Rule 12(b)(6) where the complaint either

5   asserts a legal theory that is not cognizable as a matter of law or fails to allege facts to

6   sufficiently support a cognizable legal claim. (*SmileCare Dental Group v. Delta Dental Plan of*

7   *Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).)   A court should not dismiss a complaint, however,

8   for a party's failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no

9   set of facts in support of [its] claim which would entitle [it] to relief." (*Conley v. Gibson*, 355

10   U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80, (1957); see also *Yamaguchi v. United States Dep't of*

11   *the Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).)   In deciding a motion to dismiss, the court

12   should take all allegations of material fact in the complaint as true and construed in the light most

13   favorable to the plaintiff.  (*North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir.

14   1983).)

15      To the extent that plaintiff has pled the state law causes of action against all defendants,

16   including the City, the City cannot be held liable on the state law causes of action based on

17   negligence, assault and battery and false arrest.

18      All tort liability of any public agency is statutory. (Cal. Gov .Code § 815.)  In California,

19   "public entities may be held liable only if a statute is found declaring them to be liable." (*Id., Van*

20   *Ort v. Estate of Stanewich*, 92 F.3d 831, 840.)  This principle is both elementary and firmly

21   grounded in California case law.  (*See*, e.g., *Peterson v. San Francisco Community College*

22   *District* 36 Cal.3d 799, 809 (1984); *Chester v. State* 21 Cal.App.4th 1002, 1004 (1994); *Lompac*

23   *Unified School District v. Superior Court*, 20 Cal.App.4th 1688, 1695 (1994); *Gonzales v. State*

24   29 Cal.App.3d 585, 590 (1972); *Virgil Cowing v. City of Torrence* 60 Cal.App.3d 757, 761

25   (1976); *Adkins v. The State of California* (1996) 50 Cal. App. 4th 1802,1818; citing, *Michael J.*

26   *v. Los Angeles County Dept. of Adoptions* (1988) 201 Cal. App. 3d 859, 866 and Cal. Gov. Code,

27   § 815).

28   / / /

1    As stated in *Cochran v. Herzog Engraving Company*, 155 Cal.App.3d 405 (1984):

2
> Government Code section 815, enacted in 1963, abolished all
> common law or judicially declared forms of liability for public
3
> entities, except for such liability as may be required by the federal
> or state Constitution.  Thus, in the absence of some constitutional
4
> requirement, public entities may be liable *only* if a statute declares
> them to be liable.
5

6    (*Cochran*, 155 Cal.App. 3d at 409; *see also Harshbarger v. City of Colton*, 197 Cal.App.3d

7    1335, 1339, 243 Cal. Rptr. 463 (4th Dist. 1988).)

8    The California Supreme Court has consistently recognized that the intent of the Tort

9    Claims Act is to limit public entity liability.  Immunity is the rule and liability the exception.

10
> The intent of the [Tort Claims Act] is not to expand the rights of
> plaintiffs in suits against governmental entities, but to confine
11
> potential governmental liability to rigidly delineated
> circumstances:  immunity is waived only if various requirements of
12
> the act are satisfied.

13    (*Brown v. Poway Unified School Dist.,* 4 Cal.4th 820, 829 (1993); *accord Teter v. City of*

14    *Newport Beach,* 30 Cal.4th 446, 451 (2003); *Zelig v. County of Los Angeles*, 27 Cal.4th 1112,

15    1127-1128 (2002).)

16    Plaintiff's state law causes of action to the extent they are alleged directly against the

17    City, must identify a statutory basis for liability in order to establish a valid cause of action

18    against the City.  There is no statutory basis for negligence, assault and battery or false arrest

19    against the City.  Therefore, these causes of action should be dismissed as to the City.

20    To the extent the third cause of action for false arrest is alleged against the City under

21    section 1983, it should be dismissed because plaintiff has failed to allege that the City maintained

22    unconstitutional policies or customs or inadequate training led to the alleged constitutional

23    violation.

24    The United States Supreme Court has consistently refused to hold municipalities liable

25    under a theory of respondeat superior.  (See *Oklahoma City v. Tuttle*, 471 U.S. 808, 818, 105 S.

26    Ct. 2427 (1985); *Pembaur*, 475 U.S. at 478-479; *St. Louis v. Praprotnik*, 485 U.S. 112, 122, 108

27    S. Ct. 915 (1988); *Canton v. Harris*, 489 U.S. 378, 392, 103 L. Ed. 2d 412, 109 S. Ct. 1197

28    (1989).  Instead, in *Monell* and subsequent cases, the Court has required a plaintiff seeking to

4

1  impose liability on a municipality under § 1983 to identify a municipal "policy" or "custom" that

2  caused the plaintiff's injury, or a failure to train. (See *Monell*, 436 U.S. at 694; *Pembaur*, 475

3  U.S. at 480-481; *Canton*, 489 U.S. at 389.)

4      Therefore, because the state law causes of action attempt to hold the City directly liable

5  and are not based upon statute, they cannot lie against the City and must be dismissed and the

6  third cause of action fails to alleges facts sufficient to hold the City liable under section 1983.

7  **C.      THE COMPLAINT CONTAINS MATTERS THAT ARE IMPROPER AND MUST**
   **BE STRICKEN PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE,**

8  **RULE 12(f)**

9      Under Federal Rules of Civil Procedure, Rule 12(f), a party is permitted to attack defects

10  in pleadings or to lodge objections to pleadings not otherwise subject to attack under a motion to

11  dismiss.  As such, a Rule 12(f) motion to strike typically attacks portions of pleadings—i.e.,

12  words and phrases. (*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.), *r'vsd on other*

13  *grounds*, 510 U.S. 517 (1994).)

14      A motion to strike is warranted when the pleading contains irrelevant or immaterial

15  matters.  A motion to strike should be granted where "it is clear that the matter to be stricken

16  could have no possible bearing on the subject matter of the litigation."  *(LeDuc v. Kentucky*

17  *Central Life Ins. Co.*, 814 F.Supp.820, 830 (N.D.Cal. 1992).)

18      Plaintiff requests punitive damages against the City.  However, pursuant to Government

19  Code section 818, "a public entity is not liable for damages awarded under Section 3294 of the

20  Civil Code or other damages imposed primarily for the sake of example and by way of punishing

21  the defendant." (*See,McAllister v. South Coast Air Quality Etc. Dist.*, (1986) 183 Cal.App.3d

22  653 (upholding Government Code section 818).   Therefore, plaintiff cannot seek such damages

23  against the City.

24      Plaintiff's complaint contains requests for punitive damages against the City.  Because a

25  public entity cannot be held liable for punitive damages, the requests and prayer for punitive

26  damages must be stricken.

27  / / /

28  / / /

1

**III.**

**CONCLUSION**

For the foregoing reasons, the defendants request that the court dismiss the state law causes of action against the City, require plaintiff to provide a more definite statement, and strike the request for punitive damages against the City.

DATED:  November 19, 2007

**McDOUGAL, LOVE, ECKIS,
SMITH, BOEHMER & FOLEY**


By: _____
Steven E. Boehmer
Carrie L. Mitchell
Attorneys for Defendants:  CITY OF EL CAJON,
GREG JOHNSON and JOHN BENNETT

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS