Dan Bacal, Esq., SBN 91486
LAW OFFICES OF DAN BACAL
275 East Douglas Avenue - Suite 114
El Cajon, California 92020
(619) 588-2064, FAX (619)839-3133

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNICE RAULLERSON,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF EL CAJON, GREG JOHNSON, JOHN BENNETT and DOES I Through XX, Inclusive,<br><br>　　　　　　　Defendants. | CASE NO.  07 CV 2001W (AJB)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' 1) MOTION FOR A MORE DEFINITE STATEMENT 2) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND 3) MOTION TO STRIKE IRRELEVANT, IMPROPER AND IMMATERIAL PORTIONS OF THE COMPLAINT**<br>Date:  January 14, 2008<br>Time:  10:30 a.m.<br><br>NO ORAL ARGUMENT PURSUANT TO LOCAL RULE: 7.1D1 |

　　　Plaintiff, BERICE RAULLERSON, respectfully submits the following Points and Authorities in Opposition to Defendants' Motion for a More Definite Statement, Motion to Dismiss for Failure to State a Claim and Motion to Strike Irrelevant, Improper and Immaterial Portions of the Complaint and respectfully requests the motions be denied.

//

# I.
## PLAINTIFF'S COMPLAINT CLEARLY STATES CLAIMS AGAINST ALL DEFENDANTS FOR NEGLIGENCE, BATTERY AND FALSE ARREST

### A.  FIRST CAUSE OF ACTION-NEGLIGENCE

Plaintiff's first cause of action clearly alleges a negligence claim against all three defendants, the City of El Cajon and the two individual police officers, for negligently entering her home with guns drawn to serve a search warrant which was intended to be served at the apartment next door.  Defendants' Rule 12(b)(6) motion as to the negligence cause of action fails to specify how that cause of action fails to state a negligence claim against the **individual** police officer defendants, Greg Johnson and John Bennett.  The substance of the motion appears to be that tort liability against a **public entity** is statutory under California Government Code § 815 and there is no statutory basis for a negligence claim against the City of El Cajon.

However, Government Code § 815.2 provides:

> (a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.
>
> (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

Here, the complaint clearly states a negligence cause of action against the individual defendants for mistakenly entering plaintiff's apartment with guns drawn to serve a search warrant which was supposed to be served at a different apartment.  The complaint also clearly alleges in paragraphs 2 and 4 that the individual defendants were acting within the course and

scope of their employment as police officers for the City of El Cajon.  Thus, pursuant to Government Code § 815.2, the City of El Cajon is vicariously liable to plaintiff for the acts or omissions of its employee police officers, as alleged in the complaint.

The individual officers are also clearly liable for negligence as alleged.   Therefore, plaintiff's first cause of action clearly and properly states a cause of action against all defendants for negligence.

**B.  SECOND CAUSE OF ACTION-BATTERY**

Plaintiff's second cause of action alleges a state claim for assault and battery against all three defendants as a result of unlawful contact with plaintiff while serving a warrant with guns drawn at the wrong address.  Again, defendants' Rule 12(b)(6) motion is unclear as to how that cause of action fails to state a claim for assault and battery against the individual police officer defendants and the basis of the  motion appears to be that tort liability against the City of El Cajon is statutory under California Government Code § 815 and there is no statutory basis for an assault and battery claim against the City of El Cajon.

However, as discussed in section A, above, Government Code § 815.2 imposes vicarious liability on the City of El Cajon for **any** act or omission of an employee acting within the scope of his or her employment for the City.  The complaint here alleges the individual police officer defendants were acting within the scope and course of their employment when they allegedly assaulted and battered plaintiff while searching the wrong address, thus, making the City also liable.

In *Robinson v. Solano County* (2002) 278 F. 3rd 1007, plaintiff sued the County of Solano and individual police officers for federal civil rights violations and state claims for assault and

battery, false arrest, false imprisonment and negligence.  The trial court granted summary judgment for the individual officers and Solano County on both the federal civil rights claims and the state causes of action.

The Ninth Circuit affirmed the summary judgment on the federal civil rights cause of action on qualified immunity grounds.  However, the court reversed the summary judgment on the state causes of action.  In particular, the court ruled that California imposes vicarious liability on public entities under Government Code § 815.2 for acts of public employees unless the public employee is immune.  The court noted that California   specifically denies immunity to police officers who use excessive force or for making false arrests.  Therefore, since the individual officers were not immune for battery and false arrest, neither was Solano County.  *Robinson v. Solano County, supra*, 278 F. 3rd 1007, 1016.

Similarly in this case, pursuant to Government Code § 815.2, plaintiff's compliant properly alleges a cause of action against both the individual defendants and the City of El Cajon for assault and battery.

**C.  THIRD CAUSE OF ACTION-FALSE ARREST**

Plaintiff's third cause of action alleges a state claim for false arrest against all three defendants as a result of entering her home with guns drawn and restricting her liberty while attempting to serve a warrant at the wrong address.  As with their motions relating to the negligence and battery causes of action, defendants' Rule 12(b)(6) motion is not specific as to how plaintiff's third cause of action fails to state a claim for false arrest against the individual police officer defendants.  Again, the basis of the  motion appears to be that tort liability against

the City of El Cajon is statutory under California Government Code § 815 and there is no statutory basis for a false arrest claim against the City of El Cajon.

However, as discussed in sections A and B, above, Government Code § 815.2 imposes vicarious liability on the City of El Cajon for **any** act or omission of an employee acting within the scope of his or her employment for the City, unless the employee is immune from liability for the act or omission. As discussed in *Robinson, supra*, Government Code § 820.4[1] specifically excludes immunity for police officers for false arrest.

In this case, the complaint alleges the individual police officer defendants were acting within the scope and course of their employment when they allegedly falsely arrested plaintiff. Since the individual officers are not immune for false arrest, neither is the City of El Cajon. Therefore, the third cause of action clearly and properly states a cause of action for false arrest against all three defendants.

## II. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES ON HER CIVIL RIGHTS CAUSE OF ACTION SHOULD BE LIMITED TO THE INDIVIDUAL DEFENDANTS ONLY

Plaintiff seeks punitive damages against the individual defendants on the battery, false arrest and civil rights (fourth) causes of action. Based on the allegations in the complaint, the punitive damage claims as to these defendants are proper.

Plaintiff's complaint seeks punitive damages against the City of El Cajon on the civil rights cause of action only. Plaintiff agrees that the punitive damages claim should be limited to the individual police officer defendants only.

---

[1] Govt. Code § 820.4 states: "A public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law. Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment."

**CONCLUSION**

Plaintiff's complaint clearly and properly states causes of action against all three defendants for negligence, assault and battery and false arrest. Therefore, the motions for a more definitive statement and to dismiss should be denied.

Plaintiff's punitive damage claim against all defendants on the civil rights cause of action should be limited to the individual defendants only.

Dated:  December 27, 2007                    Respectfully Submitted,

                                             */s/ Dan Bacal*
                                             DAN BACAL
                                             Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNICE RAULLERSON,<br>            Plaintiff,<br>    vs.<br>CITY OF EL CAJON, GREG JOHNSON, JOHN BENNETT and DOES I Through XX, Inclusive,<br>            Defendants. | CASE NO. 07 CV 2001W (AJB)<br><br>**PROOF OF SERVICE**<br>(CCP 1013a (1) & (3) &<br>Local Rules, Div. II, Rule 6.7) |

I, Danielle Gilham declare that:  I am over the age of 18 years and not a party to the case; I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 275 East Douglas Avenue - Suite 114, El Cajon, CA 92020.

On December 27, 2007, I served the following documents:

**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANTS' 1) MOTION FOR A MORE DEFINITE STATEMENT 2) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND 3) MOTION TO STRIKE IRRELEVANT, IMPROPER AND IMMATERIAL PORTIONS OF THE COMPLAINT**

by placing a true copy of each document in a separate envelope addressed to each addressee, respectively, as follows:

| | |
|---|---|
| Steven E. Boehmer, Esq.<br>Carrie L. Mitchell, Esq.<br>McDougal, Love, Eckis, Smith, Boehmer & Foley<br>460 North Magnolia<br>El Cajon, CA 92020 | Attorney for Defendants<br><br><br>Telephone: (619) 440-4444<br>Facsimile: (619) 440-4907 |

I then sealed each envelope and, with postage thereon fully prepaid,

xx  BY MAIL:    This same day and at my business shown above, I placed each for deposit in the United States Postal Service, following ordinary business practices.

☐  BY FACSIMILE TRANSMISSION:    In addition to service by mail, as set forth above, the counsel or interested party authorized to accept service, by whose name an asterisk (*) is placed, was also forwarded a copy of said document(s) by facsimile transmission at the telefax number corresponding with his name.  The facsimile machine I used complied with 22C rule 2003(3) and no error was reported by the machine.  Pursuant to CRC rule 2005(i), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.  Executed on December 27, 2007, at El Cajon, California.

                                                                    */s/ Danielle Gilham*
                                                                    DANIELLE GILHAM