UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BERNICE RAULLERSON,<br><br>                      Plaintiff,<br>vs.<br><br>CITY OF EL CAJON, GREG JOHNSON, JOHN BENNETT and DOES I Through XX, Inclusive,<br><br>                      Defendants. | CASE NO. 07 CV 2001W (AJB)<br><br>**ORDER: 1) GRANTING MOTION FOR A MORE DEFINITE STATEMENT; 2) DENYING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; AND 3) GRANTING MOTION TO STRIKE [DOC. 3]** |
|---|---|

      Plaintiff Bernice Raullerson ("Plaintiff") commenced this action against Defendants City of El Cajon ("the City"), Greg Johnson, John Bennett, and Does I-XX, (collectively, "the Officers") after the Officers allegedly used excessive force in executing a search warrant. Defendants filed this motion to dismiss Plaintiff's complaint on the grounds that it is vague and ambiguous, fails to state a claim, and requests an improper prayer for relief. Fed. R. Civ. P. 12(b)(6), 12(e), 12(f).

      The Court decides the matter on the papers submitted and without oral argument. <u>See</u> Civ. Local R. 7.1(d.1). For the reasons stated below, the Court

**GRANTS** Defendants' Motion for a More Definite Statement, **DENIES** Defendants' Motion to Dismiss, and **GRANTS** Defendants' Motion to Strike.

I. BACKGROUND

According to the complaint, on or about October 25, 2006, the Officers attempted to execute a search warrant at Plaintiff's address. (Compl. at 3:13-15.) However, the search warrant was intended for the apartment next door. (Id. at 3:14-16.) Plaintiff alleges that during the search, the Officers unnecessarily, unlawfully, and carelessly used excessive force, causing her serious and permanent injuries. (Id. at 3:11-13.) Plaintiff also alleges that she was arrested without a warrant and without reasonable or probable cause. (Id. at 5:12-14.) Plaintiff further alleges that the City has a practice and custom of negligently training and supervising its law enforcement personnel with respect to observing and protecting citizens' rights. (Id. at 6:28-7:1-2.)

Before filing this lawsuit, Plaintiff filed a claim, presumably under the Government Tort Claims Act, against the City. (Compl. at 2:17-18.) After the City denied the claim, Plaintiff filed this action against the City and the Officers. Plaintiff asserts four causes of action: negligence, assault and battery, false arrest, and violation of civil rights. (Id. at 1:13-15.)

II. LEGAL STANDARD

A complaint filed in federal court requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint is sufficient if it gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, – – – U.S. – – –, – – –, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A plaintiff "is not required to state the statutory or constitutional basis for his claim, only the facts underlying it." McHenry v. Renne, 84 F.3d 1172, 1179 (1996) (quoting McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (1990)).

1  Accordingly, in the face of the liberal notice pleading rule, a motion for a more definite
2  statement under Rule 12(e) will only be granted if a pleading is "so vague or ambiguous
3  that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).
4       A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See
5  North Star Int'l. v. Arizona Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983).
6  Dismissal of a claim under this rule is proper only in "extraordinary" cases. United
7  States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). A complaint may be
8  dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or
9  (2) insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds,
10 Inc., 749 F.2d 530, 534 (9th Cir. 1984). In reviewing a motion to dismiss under Rule
11 12(b)(6), the court must assume the truth of all factual allegations and must
12 construe them in the light most favorable to the nonmoving party. Gompper v.
13 VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002). The complaint and all reasonable
14 inferences therefrom are construed in the plaintiff's favor. Walleri v. Fed. Home
15 Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

17 **III.   ANALYSIS**
18      **A.   Defendants' Motion for a More Definite Statement.**
19      Defendants contend that Plaintiff should be required to prepare a more
20 definite statement because her pleading is vague and ambiguous. More specifically,
21 Defendants assert that Plaintiff "fails to set forth which causes of action are being
22 brought against which defendant." (Defs.' P.&A. at 2:26-27.) The Court agrees.
23      In her Opposition, Plaintiff claims that the complaint "clearly alleges"
24 negligence, assault and battery, and false arrest against "all three defendants." (Pl.'s
25 Opp'n at 2:5-6, 3:9-10, 4:19-20.) However, based on the allegations in the
26 complaint, the first three causes of action appear to only be asserted against the
27 Officers. For example, in the second cause of action for assault and battery, Plaintiff
28 alleges:

> 15. On October 25, 2006, Defendants GREG JOHNSON, JOHN BENNETT and DOES I through XX, and each of them, acting pursuant to their authority as police officers for Defendant City of El Cajon, did unlawfully and maliciously assault and batter Plaintiff. Said actions caused serious and permanent injuries to said Plaintiff as herein alleged.
>
> 16. By reason of the assault and battery above, Plaintiff suffered the damages alleged in Paragraphs Twelve and Thirteen, above.
>
> 18. The conduct of Defendants GREG JOHNSON, JOHN BENNETT and DOES I through XX, and each of them, was taken with fraud, malic and oppression.... Accordingly, Plaintiff is entitled to an award of exemplary damages against these Defendants only in an amount according to proof at trial.

(Compl. at 4:15–28.[1]) Although the City is mentioned in this claim, the allegations do not suggest that Plaintiff is suing the City for assault and battery. In contrast, Plaintiff's civil rights cause of action specifically alleges that "Defendants, CITY OF EL CAJON, GREG JOHNSON, JOHN BENNETT and DOES I through XX ... caused Plaintiff to be subjected to the deprivation of her rights of due process...." (Id. at 6:20–23.) Because the complaint is, at best, vague and ambiguous with respect to whether the City is included in the negligence, assault and battery, and false arrest causes of action, the Court **GRANTS** Defendants' Motion for a More Definite Statement. Plaintiff is, therefore, ordered to identify, under the heading for each cause of action, which defendant is being sued.

### B.    Defendants' Motion to Dismiss.

Defendants assert that, in California, a public entity's liability is statutorily driven. (Defs.' P. & A. at 3:18-19.) Accordingly, Defendants argue that the City cannot be held liable regarding Plaintiff's state law causes of action because "[t]here is no basis for negligence, assault and battery or false arrest against the City." (Defs.'

---

[1] The complaint does not have a paragraph number 17.

1  P. & A. at 3:15-17.)  Defendants also contend that Plaintiff's false arrest claim
2  against the City must be dismissed because Plaintiff "failed to allege that the City
3  maintained unconstitutional policies or customs or inadequate training."  (Defs.' P.
4  & A. at 4:20-23.)  The Court disagrees.

5  Defendants assert that in the public entity context, "[i]mmunity is the rule
6  and liability the exception."  (Defs. P. & A. at 4:9.)  However, the policy underlying
7  the Tort Claims Act is, in fact, contrary to Defendants' assertion.  Ultimately,
8  "[u]nless the Legislature has clearly provided for immunity, the important societal
9  goal of compensating injured parties for damages caused by willful or negligent acts
10 must prevail."  Baldwin v. State of California, 6 Cal. 3d 424, 436 (Cal. 1972)
11 (citation omitted).  This rationale is further evidenced in the California Government
12 Code, namely sections 815.2 and 820.4, upon which Plaintiff relies.  (Pl.'s Opp'n. at
13 2:15-22; 5:7.)  Section 815.2 imposes upon pubic entities vicarious liability for the
14 tortious acts and omissions of their employees.  (Cal. Gov't Code §815.2.)  Similarly,
15 section 820.4 explicitly states that "[n]othing in this section exonerates a public
16 employee from liability for false arrest or false imprisonment."  (Cal. Gov't Code
17 §820.4.)  Thus, statutory text dictates that both the Officers and the City may be
18 liable for the alleged negligence, assault and battery, and false arrest.

19 Moreover, contrary to Defendants' argument that Plaintiff failed to allege facts
20 sufficient to hold the City liable under section 1983, Plaintiff's complaint specifically
21 asserts that the City has "a practice and custom of negligently training, retaining,
22 disciplining, and supervising its employees, officers and other law enforcement
23 personnel with respect to observing and protecting citizens' rights."  (Compl. ¶29.)
24 Thus, the Court **DENIES** Defendants' Motion to Dismiss for Failure to State a
25 Claim.
26 //
27
28

C.  **Defendants' Motion to Strike.**

Defendants assert that a public entity cannot be held liable for punitive damages and therefore requests that Plaintiff's prayer for punitive damages against the City be stricken. (Defs.' P. & A. at 5: 18-26.) Due to Plaintiff's agreement that the punitive damages claim should be limited to the Officers only, the Court need not address this issue further. The Court **GRANTS** Defendants' Motion to Strike.

IV.  CONCLUSION AND ORDER

In light of the foregoing, the Court rules as follows regarding Defendants' Motion (Doc. 3): the Court **GRANTS** Defendants' Motion for a More Definite Statement; the Court **GRANTS** Defendants' Motion to Strike as it pertains to limiting punitive damages to the Officers; and the Court **DENIES** Defendants' Motion to Dismiss for Failure to State a Claim. Plaintiff is, therefore, **ORDERED** to file a first amended complaint on or before **March 24, 2008** that cures the defects identified above.

**IT IS SO ORDERED.**

DATED:  March 10, 2008

Hon. Thomas J. Whelan
United States District Judge