**Dan Bacal, Esq.**
**Law Offices of Dan Bacal**
Bar # 91486
275 East Douglas Avenue - Suite 114
El Cajon, California 92020
(619) 588-2064 - FAX 838-3133

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BERNICE RAULLERSON, | CASE NO. 07 CV 2001W (AJB) |
|---|---|
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| vs. | 1. Negligence |
| | 2. Assault and Battery |
| CITY OF EL CAJON, GREG JOHNSON, JOHN BENNETT and DOES I Through XX, Inclusive, | 3. False Arrest |
| | 4. Civil Rights Action |
| Defendants. | *JURY TRIAL DEMANDED* |

Plaintiff alleges:

**GENERAL ALLEGATIONS**

1. Plaintiff, BERNICE RAULLERSON, is and was at all material times mentioned herein a resident of the CITY OF SAN DIEGO, State of California.

2. At all times mentioned herein, Defendants GREG JOHNSON, JOHN BENNETT and DOES I through XX were employees of Defendants CITY OF EL CAJON and in doing the acts hereinafter described acted within the course and scope of their employment. The acts of all Defendants, and each of them, were also done under color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. Defendants GREG

-1-

FIRST AMENDED COMPLAINT FOR DAMAGES

JOHNSON, JOHN BENNETT and DOES I through XX, are sued individually and in their capacities as police officers for the CITY OF EL CAJON.

3. Defendant, CITY OF EL CAJON, is a political sub-division of the State of California, and is the employer of Defendants GREG JOHNSON, JOHN BENNETT and DOES I through XX. The individual Defendants and each of them performed all herein alleged acts for, and in the name of, Defendant CITY OF EL CAJON.

4. The true names or capacities whether individual, corporate, associate or otherwise, of Defendants named herein as DOES I through XX are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this complaint to show said Defendants' true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged were proximately caused by said Defendants.

5. Prior to the filing of this Complaint, Plaintiff filed a claim against Defendant CITY OF EL CAJON for the injuries alleged herein. Within the past six months, Defendant has denied the claim.

6. Jurisdiction is invoked pursuant to 28 U.S.C. §§1331(a)(3), and 42 U.S.C. §1983. Venue is invoked under 28 U.S.C. §1391.

7. Supplemental jurisdiction over Plaintiff's state law claims is invoked pursuant to 28 U.S.C. §1367.

**FIRST CAUSE OF ACTION**
[*Negligence-Against City of El Cajon, Greg Johnson and John Bennett*]

8. Plaintiff realleges and incorporates by reference each and every allegation

contained in paragraphs One through Seven of the General Allegations of this Complaint as though fully set forth herein.

9. On or about October 25, 2006, El Cajon police officers, including Defendants GREG JOHNSON, JOHN BENNETT and DOES I through XX, contacted Plaintiff at 5316 Meade Avenue, Apt. 29 in San Diego. Plaintiff is informed and believes and thereupon alleges that said officers, and each of them, were acting pursuant to their authority as officers of the El Cajon Police Department.

10. At said time and place, Defendants GREG JOHNSON, JOHN BENNETT and DOES I through XV and each of them, unnecessarily, unlawfully, negligently and carelessly used excessive force upon Plaintiff causing serious and permanent injuries to Plaintiff while purportedly attempting to execute a search warrant at her address which was intended to be served on the apartment next door. Plaintiff is informed and believes and thereupon alleges that said officers, and each of them, were acting pursuant to their authority as officers of the El Cajon Police Department.

11. By reason of the acts alleged above, Defendants, and each of them, were negligent and breached their duty of due care owed to Plaintiff.

12. As a direct and proximate result of the negligent and excessive actions of Defendants, and each of them, Plaintiff was hurt and injured in her health, strength and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of said injuries which has caused and has continued to cause great mental, physical and nervous pain and suffering. Plaintiff is informed and believes that upon such information and belief alleges that said injuries will result in permanent disability to Plaintiff all to her damage in a sum within the jurisdiction of this Court in an amount to be proved at the time of trial.

13. As a further direct and proximate result of the negligence and excessive acts of Defendants, and each of them, Plaintiff has been required to employ physicians and surgeons to examine, treat and care for her and to incur medical and incidental expenses. Plaintiff is informed and believes, and thereon alleges, that she will continue to require physicians and surgeons to treat, examine and care for her and she will incur future associated medical and incidental expenses. The exact amount of said medical and incidental expenses is unknown at this time and Plaintiff will seek leave to amend this Complaint to state the same when fully ascertained, or as according to proof at trial.

### SECOND CAUSE OF ACTION
[*Assault and Battery-Against City of El Cajon, Greg Johnson and John Bennett*]

14. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs One through Seven of the General Allegations and Paragraphs Eight through Thirteen of the First Cause of Action as though fully set forth herein.

15. On October 25, 2006, Defendants GREG JOHNSON, JOHN BENNETT and DOES I through XX, and each of them, acting pursuant to their authority as police officers for Defendant City of El Cajon, did unlawfully and maliciously assault and batter Plaintiff. Said actions caused serious and permanent injuries to said Plaintiff as herein alleged.

16. By reason of the assault and battery alleged above, Plaintiff suffered the damages alleged in Paragraphs Twelve and Thirteen, above.

18. The conduct of Defendants GREG JOHNSON, JOHN BENNETT and DOES I through XX, and each of them, was taken with fraud, malice and oppression, as those terms are defined in California Civil Code §§ 3294 (c)(1), (2), and (3). Accordingly, Plaintiff is entitled

-4-

FIRST AMENDED COMPLAINT FOR DAMAGES

to an award of exemplary damages against these Defendants only in an amount according to proof at trial.

### THIRD CAUSE OF ACTION
[*False Arrest/Unlawful Seizure-Against City of El Cajon, Greg Johnson and John Bennett*]

19. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs One through Seven of the General Allegations, paragraphs Eight through Thirteen of the First Cause of Action, and paragraphs Fourteen through Eighteen of the Second Cause of Action as though fully set forth herein.

20. In committing the acts alleged above, Defendants, and each of them, falsely arrested and imprisoned Plaintiff in that Plaintiff was arrested without a warrant and without reasonable or probable cause.

21. The acts alleged above also constituted an unlawful seizure in violation of the Fourth Amendment to the United States Constitution entitling Plaintiff to damages pursuant to Title 42 U.S.C. § 1983 *et seq*.

22. By reason of the false arrest and the unlawful seizure alleged above, Plaintiff suffered the damages alleged in Paragraphs Twelve and Thirteen, above.

23. In doing the acts alleged herein, Defendants GREG JOHNSON, JOHN BENNETT and DOES I through XX, acted maliciously and with a wanton disregard for the rights and feelings of Plaintiff, and by reason thereof Plaintiff demands exemplary and punitive damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
[*Civil Rights Action-Against City of El Cajon, Greg Johnson and John Bennett*]

24. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs One through Seven of the General Allegations, paragraphs Eight

FIRST AMENDED COMPLAINT FOR DAMAGES

through Thirteen of the First Cause of Action, paragraphs Fourteen through Eighteen of the Second Cause of Action, and paragraphs Twenty through Twenty Four of the Third Cause of Action and paragraphs Twenty Five through Twenty Nine of the Fourth Cause of Action, and paragraphs Thirty through Thirty One of the Fifth Cause of Action, and paragraphs Nineteen through Twenty Three of the Third Cause of Action as though fully set forth herein.

25. Each person enjoys a right to be left alone, and a right not to be deprived of life, liberty, or property without due process of law, or denied equal protection of the laws. Said right not to be deprived of life, liberty or property without due process of law is expressly included in the California Constitution Article 1, § 7, and is included by implication, within the penumbras of the Bill of Rights in the U.S. Constitution.

26. 42 USC § 1983, provides in pertinent part as follows:

> Every person who, under color or any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

27. Defendants, CITY OF EL CAJON, GREG JOHNSON, JOHN BENNETT and DOES I though XX, and each of them, acting under color or law, caused Plaintiff to be subjected to the deprivation of her rights of due process, as guaranteed them by the U.S. Constitution.

28. Defendant CITY OF EL CAJON is a person subject to liability under 42 USC Section 1983. There is a history of widespread abuse of citizens' rights within Defendant CITY OF EL CAJON.

29. Defendant CITY OF EL CAJON has a practice and custom of negligently training, retaining, disciplining, and supervising its employees, officers and other law

enforcement personnel with respect to observing and protecting citizens' rights. Defendant CITY OF EL CAJON has had notice of same. Defendant CITY OF EL CAJON has been grossly negligent in rectifying the situation and has acted with conscious indifference to the rights of citizens, such as Plaintiff. The injuries to Plaintiff, as alleged herein, would not have occurred but for Defendant's malfeasance in its regulation, custom, practices and procedures concerning the operation of its police department.

30. As a direct and proximate result of the above, Plaintiff has been deprived of her rights of due process and has suffered severe emotional distress, in addition to serious physical injuries. The full nature and extent of said damages has not as yet been ascertained. However, Plaintiff is informed and believes and based thereupon alleges, that said damages is within the jurisdictional limitations of this Court. Plaintiff will seek leave to amend this Complaint when the full nature and extent of said damages is fully ascertained.

31. The conduct of Defendants, and each of them, was taken with fraud, malice and oppression, as those terms are defined in California Civil Code §§ 3294 (c) (1), (2), and (3). Accordingly, Plaintiff is entitled to an award of exemplary damages in an amount according to proof at trial.

WHEREFORE, Plaintiffs prays for judgment against Defendants and each of them as follows:

For the FIRST CAUSE OF ACTION against Defendants, and each of them:
   1. For general damages according to proof;
   2. Special damages, according to proof;
   3. Prejudgment interest;
   4. For costs of suit herein;
   5. For such other and further relief as the Court may deem just proper.

FIRST AMENDED COMPLAINT FOR DAMAGES

1    For the SECOND CAUSE OF ACTION against Defendants, and each of them:
2      1.   For general damages according to proof;
3      2.   Special damages, according to proof;
4      3.   Punitive damages, according to proof, as to the individual Defendants only;
5      4.   Prejudgment interest;
6      5.   For costs of suit herein;
7      6.   For such other and further relief as the Court may deem just proper.
8    For the THIRD CAUSE OF ACTION against Defendants, and each of them:
9      1.   For general damages according to proof;
10     2.   Special damages, according to proof;
11     3.   Punitive damages, according to proof, as to the individual Defendants only;
12     4.   Prejudgment interest;
13     5.   For costs of suit herein;
14     6.   Reasonable attorney's fees; and
15     7.   For such other and further relief as the Court may deem just and proper.
16   For the FOURTH CAUSE OF ACTION against Defendants, and each of them:
17     1.   For general damages according to proof;
18     2.   Special damages, according to proof;
19     3.   Punitive damages, according to proof, as to the individual Defendants only;
20     4.   Prejudgment interest;
21     5.   For costs of suit herein;
22     6.   Reasonable attorney's fees; and,
23     7.   For such other and further relief as the Court may deem just proper.

//

//

FIRST AMENDED COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: March 19, 2008                             Respectfully Submitted,


/s/ Dan Bacal            .
DAN BACAL
Attorney for Plaintiff

FIRST AMENDED COMPLAINT FOR DAMAGES