

1  Steven E. Boehmer (#144817)
   Carrie L. Mitchell (#221845)
2  McDOUGAL, LOVE, ECKIS,
   SMITH, BOEHMER & FOLEY
3  460 North Magnolia Avenue
   El Cajon, California  92020
4  (619) 440-4444/Fax (619) 440-4907

5  Attorneys for Defendants:  CITY OF EL CAJON, GREG JOHNSON
   and JOHN BENNETT
6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 BERNICE RAULLERSON,                )      Case No. 07 CV 2001 W (AJB)
                                      )
12              Plaintiff,            )      **ANSWER TO FIRST AMENDED**
                                      )      **COMPLAINT**
13 v.                                 )
                                      )
14 CITY OF EL CAJON, GREG JOHNSON,    )
   JOHN BENNETT and DOES I through    )
15 XX, inclusive,                     )
                       Defendants.    )
16 ─────────────────────────────────  )

17        Defendants, City of El Cajon, Greg Johnson and John Bennett answer the first amended

18 complaint filed by plaintiff, Bernice Raullerson, as follows:

19                      **GENERAL ALLEGATIONS**

20 1.      Defendants admit the allegations of paragraph 1 of the first amended complaint.

21 2.      Defendants admit the allegations of paragraph 2 of the first amended complaint.

22 3.      Defendants admit the allegations of paragraph 3 of the first amended complaint.

23 4.      Defendants state that no affirmative answer or denial is required in answer to paragraph 4

24         of the first amended complaint.

25 5.      Defendants admit the allegations of paragraph 5 of the first amended complaint.

26 6.      Defendants state that no affirmative answer or denial is required in answer to paragraph 6

27         of the first amended complaint.

28 7.      Defendants state that no affirmative answer or denial is required in answer to paragraph 7

                                          1

1    of the first amended complaint.

2    8.    Defendants incorporate herein by reference all responses to paragraphs 1 through 7 of the

3    first amended complaint as stated above, as though fully set forth hereinafter.

4    9.    Defendants admit the allegations of paragraph 9 of the first amended complaint.

5    10.    Defendants admit that the individual defendants were the agents and/or employees of the

6    City and deny the remaining allegations of paragraph 10 of the first amended complaint.

7    11.    Defendants deny the allegations of paragraph 11 of the first amended complaint.

8    12.    Defendants deny the allegations of paragraph 12 of the first amended complaint.

9    13.    Defendants deny the allegations of paragraph 13 of the first amended complaint.

10    14.    Defendants incorporate herein by reference all responses to paragraphs 1 through 7 of the

11    first amended complaint as stated above, as though fully set forth hereinafter.

12    15.    Defendants admit that the individual defendants were the agents and/or employees of the

13    City and deny the remaining allegations of paragraph 15 of the first amended complaint.

14    16.    Defendants deny the allegations of paragraph 16 of the first amended complaint.

15    17.    There is no paragraph 17 to the first amended complaint.

16    18.    Defendants deny the allegations of paragraph 18 of the first amended complaint.

17    19.    Defendants assert and reallege the responses contained in paragraphs 1 through 7 as

18    though fully set forth herein.

19    20.    Defendants deny the allegations of paragraph 20 of the first amended complaint.

20    21.    Defendants deny the allegations of paragraph 21 of the first amended complaint.

21    22.    Defendants deny the allegations of paragraph 22 of the first amended complaint.

22    23.    Defendants deny the allegations of paragraph 23 of the first amended complaint.

23    24.    Defendants incorporate herein by reference all responses to paragraphs 1 through 7 of the

24    first amended complaint as stated above, as though fully set forth hereinafter.

25    25.    Defendants assert that no affirmative answer or denial is required in answer to paragraph

26    25.

27    26.    Defendants assert that no affirmative answer or denial is required in answer to paragraph

28    25.

ANSWER TO FIRST AMENDED COMPLAINT

27.    Defendants admit that the individual defendants were the agents and/or employees of the City and deny the remaining allegations of paragraph 27 of the first amended complaint.

28.    Defendants deny the allegations of paragraph 28 of the first amended complaint.

29.    Defendants deny the allegations of paragraph 29 of the first amended complaint.

30.    Defendants deny the allegations of paragraph 30 of the first amended complaint.

31.    Defendants deny the allegations of paragraph 31 of the First amended complaint.

## SEPARATE AND AFFIRMATIVE DEFENSES

As separate and affirmative defenses to the first amended complaint, and separately as to each cause of action therein, Defendants allege the following:

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

Defendants allege each and every purported cause of action in the first amended complaint fails to state facts sufficient to constitute a cause of action.

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Defendants allege that the first amended complaint, and each and every purported cause of action therein, is barred by the statute of limitations including, but not limited to, California Code of Civil Procedure, §§ 335.1, 340 and 342.

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Defendants allege on information and belief that the claims of Plaintiff are barred by the doctrine of laches.

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendants are informed and believe, and thereon allege, that Plaintiff has failed to exhaust her administrative remedies and, therefore, is barred from maintaining this action.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff has failed to take steps to mitigate her damages, and said failure to mitigate was, or will be, the sole proximate cause of her damages.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's claims for damages and other forms of relief are speculative, indefinite and uncertain because she has failed to allege with specificity the acts or

ANSWER TO FIRST AMENDED COMPLAINT

1  omissions which were the proximate cause of which damages, or the specified amount thereof.

2  ### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

3  Defendants allege that if any damages are found due to Plaintiff, such damages were

4  proximately caused and/or contributed to by other persons including, but not limited to, Plaintiff,

5  such that it is necessary that the proportionate degree of negligence, fault or other basis of

6  liability of each and every other person, entity or party be determined and pro-rated, and reduce

7  any judgment entered against Defendants by such percentage or in total under an assumption of

8  the risk theory.

9  ### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

10  Defendants are informed and believe and thereon allege that Plaintiff has acted with

11  unclean hands relative to the claims asserted in this action.

12  ### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

13  Defendants allege that punitive damages are not recoverable as against a governmental

14  entity.

15  ### TENTH SEPARATE AND AFFIRMATIVE DEFENSE

16  Defendants allege that their conduct was at all times lawful.

17  ### ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

18  Defendants allege that any act or omission of its employees as alleged by Plaintiff was the

19  result of the exercise of the discretion vested in said employees and that pursuant to California

20  Government Code Sections 815.2(b) and 820.2 and federal law, Defendants and their employees

21  are immune from liability for their acts or omissions, if any, under California Penal Code

22  sections 836 and 836.5, and California Government Code sections 820(b), 920.2, 920.4, 820.6,

23  820.8, 821, 821.4, 821.6, 821.8, 822.2, 845 and 846, and federal law.

24  ### TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

25  Defendants allege that Plaintiff's claims, and each of them, are barred by the provisions

26  of California Government Code, § 820.4.

27  ///

28  ///

4

1

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

2    At all times material, Defendants, by and through its agents and/or employees exercised

3    due care and caution and acted prudently and reasonably in performing and conducting its

4    activities relating to the acts or omissions as alleged by Plaintiff in the first amended complaint.

5

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

6    Defendants allege that the acts complained of occurred within the scope of defendants'

7    official duties and defendants had no knowledge that the alleged wrongful acts, if any, were

8    illegal and/or unconstitutional nor were said alleged wrongful acts, if any, clearly violative of

9    plaintiff's rights at the time they were committed.

10

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

11    Defendants allege that, at all times relevant hereto, defendants acted in good faith,

12    without malice, and upon a reasonable belief that their actions were justified.

13    Defendants allege that plaintiff freely and voluntarily consented to the actions of

14    defendants which are complained of in the first amended compliant, including but not limited to

15    the alleged entry into plaintiff's home.

16

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17    The individual defendants are shielded from liability for the actions complained of in the

18    second amended complaint under the qualified immunity doctrine

19

## SEVENTEENTH  SEPARATE AND AFFIRMATIVE DEFENSE

20    Defendants presently have insufficient knowledge or information on which to form a

21    belief as to whether or not they may have additional, as yet unstated, affirmative defenses

22    available to them.  Accordingly, Defendants reserve the right to assert additional defenses in the

23    event that discovery indicates it would be appropriate.

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

ANSWER TO FIRST AMENDED COMPLAINT

1    WHEREFORE, Defendants pray as follows:

2        1.      Plaintiff take nothing by way of her first amended complaint;

3        2.      Defendants be awarded reasonable attorneys' fees and costs in connection with

4               the litigation; and

5        3.      For such other and further relief as the Court deems just and proper.

6    DATED:  March 28, 2008          **McDOUGAL, LOVE, ECKIS,**
                                            **SMITH, BOEHMER & FOLEY**

7

8                                    By: _____

9                                      Steven E. Boehmer
                                     Carrie L. Mitchell

10                                   Attorneys for Defendants:  CITY OF EL CAJON,
                                  GREG JOHNSON and JOHN BENNETT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT

**Rallerson v. City of El Cajon, et al.**
**Case No. 07 CV 2001 W (AJB)**

### PROOF OF SERVICE BY MAIL

I, the undersigned, declare that: I am over the age of 18 years and not a party to the case; I am employed in the County of San Diego, State of California, where the mailing occurs; and my business address is 460 N. Magnolia Avenue, El Cajon, California 92020.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business. I caused to be served the following documents:

### ANSWER TO FIRST AMENDED COMPLAINT

by placing a true copy of each document in a separate envelope addressed to each addressee, respectively, as follows:

Dan Bacal, Esq.                                   Plaintiff
LAW OFFICES OF DAN BACAL
275 East Douglas Avenue, Suite 114
El Cajon, CA 92020
(619) 588-2064/Fax (619) 838-3133

I then sealed each envelope and, with postage thereon fully pre-paid, placed each for deposit in the United States Postal Service, this same day at my business address shown above, following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 28, 2008, at El Cajon, California.

Sherryl Burgio