cal__sc____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BERNICE RAULLERSON, | ) | Civil No.07cv2001 W (AJB) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | SCHEDULING ORDER |
| | ) | |
| CITY OF EL CAJON, GREG JOHNSON, | ) | |
| JOHN BENNETT and DOES 1 through XX, | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to Rule 16.1.d of the Local Rules, a Case Management Conference was held on June 17, 2008. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

IT IS HEREBY ORDERED:

1.     The parties shall disclose the identity of their respective experts in writing by *October 17, 2008*. The date for the disclosure of the identity of rebuttal experts shall be on or before *November 7, 2008*. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony. **The parties must identify any person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 and 705, respectively. This requirement is not limited to retained experts.**

1      2.      On or before *January 9, 2009*, each party shall comply with the disclosure provisions in

2  Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.  **This disclosure requirement applies to all**

3  **persons retained or specifically employed to provide expert testimony or whose duties as an**

4  **employee of the part regularly involve the giving of expert testimony.**

5      3.      Any party shall supplement its disclosure regarding contradictory or rebuttal evidence

6  under Rule 26(a)(2)(c)on or before *February 9, 2009.*

7      4.      **Please be advised that failure to comply with this section or any other discovery**

8  **order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37 including a**

9  **prohibition on the introduction of experts or other designated matters in evidence.**

10     5.      All fact discovery shall be completed by all parties on or before *October 17, 2009*.  All

11  expert discovery shall be completed by all parties on or before *March 9, 2009*. "Completed" means that

12  all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under

13  Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, *so that it may be*

14  *completed* by the cut-off date, taking into account the times for service, notice and response as set forth

15  in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with

16  regard to all discovery disputes in compliance with Local Rule 26.1.a.  All discovery motions shall be

17  filed within 30 days of the service of an objection, answer or response which becomes the subject of

18  dispute or the passage of a discovery due date without response or production, and only after counsel

19  have met and conferred and have reached impasse with regard to the particular issue.

20     6.      A Mandatory Settlement Conference shall be conducted on ***May 18, 2009 at 1:30 p.m.*** in

21  the chambers of Magistrate Judge Anthony J. Battaglia.   Counsel shall submit settlement briefs **directly**

22  to chambers *(via e:mail at efile_battaglia@casd.uscourts.gov)* and serve copies on all counsel.

23  Plaintiff's brief shall be submitted to chambers and served on all counsel no later than *May 4, 2009*.

24  Defendant's brief shall be submitted to chambers and served on all counsel no later than *May 11, 2009*.

25  The briefs shall set forth the party's statement of the case and the party's settlement position, including

26  the last offer or demand made by that party and a separate statement of the offer or demand the party is

27  prepared to make at the Settlement Conference. Settlement Conference briefs shall not exceed ten (10)

28  pages in length, and shall *not* include exhibits or attachments.  Each party and claims adjusters for

1   insured defendants, in addition to any other representatives with full authority to enter into a binding

2   settlement[1], as well as the principal attorney (s) responsible for the litigation, must be present and legally

3   and factually prepared to discuss and resolve the case at the Mandatory Settlement Conference. **Any**

4   **special arrangements desired in cases where settlement authority rests with a governing body**

5   **shall be proposed in advance.**

6       ***Any request to continue the conference or request for relief from any of the provisions or***

7   ***requirements of this Order must be sought by a written ex parte application.  The application must be***

8   ***supported by a declaration of counsel setting forth the reasons and justifications for the relief***

9   ***requested; confirm compliance with Civil Local Rule 26.1; and, report the position of opposing***

10  ***counsel or any unrepresented parties subject to the Order.***

11      ***If the case is settled in its entirety before the scheduled date of the conference, counsel and***

12  ***any unrepresented parties must still appear in person, unless a written stipulation confirming the***

13  ***complete settlement of the case is submitted no less than 24 hours before the scheduled conference***.

14      7.      (a)     All other pretrial motions must be filed on or before *April 10, 2009.  (In*

15  *intellectual property cases, this would include claims construction hearings.)* Please be advised that

16  counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will

17  hear the motion.

18              (b)     Pursuant to Civil Local Rule 7.1.f.3.c, if an opposing party fails to file opposition

19  papers in the time and manner required by Civil Local 7.1.e.2, that failure may constitute a consent to

20  the granting of a motion or other request for ruling by the Court.  Accordingly, all parties are ordered to

21  abide by the terms of Local Rule 7.1.e.2 or otherwise face the prospect of any pretrial motion being

22  granted as an unopposed motion pursuant to Civil Local Rule 7.1.f.3.c.

23

24

---

25      [1] "Full authority to settle" means that the individuals at the settlement conference be authorized
    to fully explore settlement options and to agree at that time to any settlement terms acceptable to the
26  parties.  Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989).  The person
    needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman
27  v. Brinker Int.'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with
    unlimited settlement authority to attend the conference includes that the persons view of the case may be
28  altered during the face to face conference.  Pitman at 486.  A limited or a sum certain of authority is not
    adequate.  Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

1     (c)    Should either party choose to file or oppose a motion for summary judgment or

2 partial summary judgment, no Separate Statement of Disputed or Undisputed Facts is required.

3     8.    The requirements of Civil Local Rule 16.1.f.2 to file Memoranda of Contentions of Fact

4 and Law are waived.

5     9.    Counsel shall comply with the Pre-trial disclosure requirements of Federal Rule of Civil

6 Procedure 26(a)(3) on or before *June 22, 2009*.

7     10.    Counsel shall meet and take the action required by Local Rule 16.1.f.4 on or before *June*

8 *29, 2009*.

9     11.    Objections to Pre-trial disclosures shall be filed no later than *July 6, 2009*.

10     12.    The Proposed Final Pretrial Conference Order required by Local Rule 16.1.f.6 shall be

11 prepared, served, and lodged on or before *July 6, 2009.*  In addition to submitting the proposed final

12 pretrial conference order, the parties are further ordered to separately submit informal letter briefs, not

13 exceeding two single spaced pages, served on opposing counsel and received in the chambers of the

14 Honorable Thomas J. Whelan, United States District Court Judge (and not filed with the Clerk's Office)

15 no later than *July 8, 2009*.  The letter brief should be a relatively informal and straightforward docu-

16 ment.  The letter brief should outline a short, concise and objective factual summary of the party's case

17 in chief, the number of hours/days each party intends to expend at trial, the approximate number of

18 witnesses, whether certain witnesses will be coming in from out of town, the number of testifying expert

19 witnesses, whether any unique demonstrative exhibits may be presented, the number of proposed

20 motions in limine that may be filed, precisely when the parties would be prepared to submit their in

21 limine papers (and whether the parties have met and conferred with respect to in limine issues), the issue

22 of proposed jury instructions and when the parties intend to submit them before trial, and voir dire

23 issues, either party's preference as to what date(s) the trial should begin and any other pertinent

24 information that wither party may deem useful to assist the Court in the execution of the pretrial

25 conference and in setting the matter for trial.

26     13.    The final Pretrial Conference is scheduled on the calendar of **JudgeWhelan** on *July 13,*

27 *2009* at *10:30 a.m*.

28

07cv2001

1    14.    A post trial settlement conference before a magistrate judge may be held within 30 days

2   of verdict in the case.

3    15.    The dates and times set forth herein will not be modified except for good cause shown.

4    16.    Dates and times for hearings on motions should be approved by the Court's clerk before

5   notice of  hearing is served.

6    17.    Briefs or memoranda in support of or in opposition to any pending motion shall not

7   exceed twenty-five (25) pages in length without leave of a district judge.  No reply memorandum shall

8   exceed ten (10) pages without leave of a district judge.  Briefs and memoranda exceeding ten (10) pages

9   in length shall have a table of contents and a table of authorities cited.

10    IT IS SO ORDERED.

11

12   DATED:  June 20, 2008

13   _____

14   Hon. Anthony J. Battaglia
    U.S. Magistrate Judge
15   United States District Court

16

17

18

19

20

21

22

23

24

25

26

27

28